OPINION
This matter is before this court upon appeal of defendant, Marc H. Lichota, from a determination of the Franklin County Court of Common Pleas finding him to be a sexual predator subject to the registration and notification provisions of R.C. Chapter 2950.
Defendant was indicted by a Franklin County Grand Jury on January 20, 1995, and charged with two counts of gross sexual imposition involving a ten-year-old child. Defendant entered guilty pleas to both charges. The trial court sentenced defendant to consecutive two-year terms of imprisonment. The trial court suspended the sentence and placed defendant on probation for a period of three years, subject to the following conditions: that he abide by the rules and regulations of the probation department; that he pay court costs; that he participate in sex offender counseling and treatment as recommended by the probation officer; and that he not associate with anyone under the age of eighteen, nor be in the presence of anyone under the age of eighteen, unless in the presence of another responsible adult who is aware of defendant's offending behaviors and is approved by the probation department.
On April 18, 1995, the trial court, upon stipulated violations, revoked defendant's probation and reimposed the original term of incarceration.
Defendant remained incarcerated on January 1, 1997, the date certain relevant portions of R.C. 2950.01 et seq. became effective. The Ohio Department of Rehabilitation and Correction ("ODRC") recommended that defendant be adjudicated as a sexual predator. Upon ODRC's notification, the trial court scheduled a hearing pursuant to R.C. 2950.09(C) (2) to determine whether defendant is a sexual predator as defined in R.C.2950.01(E) and 2950.09(B) (2). The hearing was held on December 18, 1998. The trial court considered the state's recommendation that defendant be designated a sexual predator based upon stipulated exhibits. No testimony was introduced at the hearing. The trial court found by clear and convincing evidence that defendant is a sexual predator within the definition set forth by R.C. 2950.01. The trial court journalized its decision on January 4, 1999.
Defendant has timely appealed and advances a single assignment of error, as follows:
 The trial court erred in finding Appellant to be a sexual predator.
R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.09(C) (2):
 If * * * the department of rehabilitation and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually oriented offense be adjudicated as being a sexual predator, the court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator.
* * *
 * * * [I]n making a determination under this division as to whether the offender is a sexual predator, the court shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B) (2) of this section. * * *
The factors set forth in R.C. 2950.09(B) (2) are:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual programs;
 Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
Both the definition of sexual predator as set forth in R.C. 2950.01(E) and the factors to be considered by the court in R.C. 2950.09(B) (2) require the court to consider an offender's propensity to engage in sexually oriented behavior in the future. The state is required to establish an offender's future propensity by clear and convincing evidence. R.C. 2950.09(B) (3). "* * * Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. * * * " Cross v. Ledford (1954), 161 Ohio St. 469, 477 (emphasissic.). On appeal, a reviewing court must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v.Schiebel (1990), 55 Ohio St.3d 71, 74.
The evidence introduced by the state established that in 1989, defendant was convicted by the Hocking County Court of Common Pleas of gross sexual imposition involving a child under the age of thirteen. In 1995, defendant was convicted by the Franklin County Court of Common Pleas of two counts of gross sexual imposition involving a ten-year-old boy. Defendant claims that this evidence was insufficient to demonstrate that he is likely to engage in sexually oriented behavior in the future. We disagree.
The evidence before the trial court at defendant's hearing corresponds with several of the criteria set forth in R.C.2950.09(B) (2). Significantly, defendant is a repeat sexual offender, having been found guilty of, or having pleaded guilty to, a prior qualifying offense. R.C. 2950.09(B) (2) (b) designates the offender's prior criminal record regarding sexual and other offenses as a factor to consider in the propensity assessment. R.C. 2950.09(B) (2) (f) sets forth previous convictions and guilty pleas for any crimes as further criteria. The young age of both of defendant's victims also supports the trial court's determination under R.C. 2950.09(B) (2) (c).
Given the evidence before the trial court, the court did not err in finding, by clear and convincing evidence, that defendant is a sexual predator. Defendant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.